IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TODD A. BEBOUT,                )
                               )
        Plaintiff,              )
                               )
        vs.                     )       CAUSE NO. 3:16-CV-417
                               )
DR. LIAW,                       )
                               )
        Defendant.              )

OPINION AND ORDER

This matter is before the Court on the complaint and attachments filed by Todd A. Bebout, a *pro se* prisoner, on June 27, 2016. Bebout alleges that Dr. Liaw cancelled his pain medication on October 30, 2014, and refuses to prescribe him pain medication. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right;

and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that *something has happened to her that might be redressed by the law*." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Bebout alleges that he has sought treatment from other medical providers, but is does not say whether he has received any. Even

more confusing are the medical request forms he has attached to the complaint. In them, he complains that he needs a bottom bunk, that he is being charged a $5.00 co-pay, that he needs a cane, that he needs an X-ray, that he has dental and vision problems, that he needs a wrist brace, and other complaints. However, he did not attach any that medical request forms asking for pain medication. Rather he attached two which indicate that he is receiving pain medication. On March 18, 2016, he wrote, "Dr. Liaw . . . said he ordered two packs of meds which I got . . .." DE 1-1 at 8. On April 8, 2016, he wrote, "I still have refills on my Naproxen . . .." *Id*. at 11. Based on these attachments (which are in his own handwriting), Bebout has not plausibly alleged facts supporting his claim that Dr. Liaw was deliberately indifferent to his need for pain medication.

Nevertheless, Bebout may file an amended complaint if he believes that he can plausibly allege facts in support of such a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, Bebout needs to address the questions raised in this order and provide facts from which it can be plausibly alleged that Dr. Liaw was deliberately indifferent to his need for pain medication.

For the reasons set forth above, the Court:

(1) **DIRECTS** the Clerk to place this cause number on a prisoner complaint and send it to Todd A. Bebout;

(2) **GRANTS** Todd A. Bebout until August 25, 2016, to file an amended complaint; and

(3) **CAUTIONS** Todd A. Bebout that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A.

DATED: July 11, 2016                    /s/RUDY LOZANO, Judge
                                        United State District Court