UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TODD A. BEBOUT,

    Plaintiff,

    v.    CAUSE NO.: 3:16-CV-417-PPS-MGG

DR. LIAW, MD,

    Defendant.

OPINION AND ORDER

Todd A. Bebout, a prisoner without a lawyer, has finally filed a second amended complaint (ECF 22-1) after a long delay. His original complaint (ECF 1) filed in June 2016 and his first amended complaint (ECF 10) filed in September 2016 both alleged Dr. Liaw was denying him medical treatment, but lacked sufficient facts to state a claim. As a result, he was granted leave to amend pursuant to *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). Bebout asked for extended enlargements of time (ECF 12 and 18) and this case remained stayed waiting for him to proceed. Finally he was ordered to file an amended complaint (ECF 20) because further delay would prejudice the defendant.

In the second amended complaint, Bebout alleges Dr. Liaw has denied him proper medical treatment at the Westville Correctional Facility for his "Spinal Scoliosis as well as Degenerative Disk Disease" (ECF 22-1 at 7) (emphasis omitted) since October 2014. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

For a medical professional to be held liable for deliberate indifference to a serious medical need, the decision must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Bebout alleges Dr. Liaw told him he was prescribing medication, but frequently did not do so. He also alleges his prescribed medication was repeatedly allowed to expire without being renewed. Though the second amended complaint is thin on details about when, how often, or why these events occurred, it nevertheless states a claim against Dr. Liaw.

Bebout is seeking both monetary damages and injunctive relief. However, he is no longer at the Westville Correctional Facility. On January 3, 2018, he was transferred to the Wabash Valley Correctional Facility. ECF 23. Therefore his injunctive relief claim is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quotation marks and citation omitted) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Therefore he will be granted leave to proceed only for monetary damages.

Bebout also names Corizon Health Medical, Inc., and Wexford of Indiana, LLC. "Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)). However, "[a] municipality may not be held liable under § 1983 based on a theory of respondeat superior or vicarious liability." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Thus, to state a claim against either of these companies, Bebout must allege "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quotation marks omitted). Here, he has not done so. Rather, he merely speculates he was denied treatment to save money for the companies, but he has not alleged facts which plausibly support that claim. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009) (citing *Twombly*, 550 U.S. at 556). Therefore the two corporate defendants will be dismissed.

Finally, Bebout filed a motion (ECF 22) asking to file the second amended complaint. However this was unnecessary because he was ordered (ECF 20) to file it.

For these reasons, the court:

3

(1) DENIES the motion to amend (ECF 22) as MOOT;

(2) DIRECTS the clerk to separately docket the second amended complaint (ECF 22-1);

(3) GRANTS Todd A. Bebout leave to proceed against Dr. Liaw, MD, in his individual capacity for compensatory and punitive damages for denying him proper medical treatment for spinal scoliosis and degenerative disk disease at the Westville Correctional Facility from October 2014 to January 3, 2019, by not prescribing medication he told Bebout would be prescribed and by repeatedly allowing his prescriptions to expire without being renewed in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Corizon Health Medical, Inc., and Wexford of Indiana, LLC.;

(6) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the Complaint (ECF 22-1) on Dr. Liaw, MD; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Liaw, MD, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: January 29, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT