UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TODD A. BEBOUT,

    Plaintiff,

v.

DR. LIAW, M.D.,

    Defendant.

CAUSE NO. 3:16-CV-417-PPS-MGG

OPINION AND ORDER

Todd A. Bebout., a prisoner without a lawyer, was granted leave to proceed on a single claim against Dr. Liaw for denying him proper medical treatment for spinal scoliosis and degenerative disk disease at the Westville Correctional Facility from October 2014 to January 3, 2019, by not prescribing medication he told Bebout would be prescribed and by repeatedly allowing his prescriptions to expire without being renewed, in violation of the Eighth Amendment. ECF 25. The defendant has moved for summary judgment (ECF 35), arguing that Bebout failed to exhaust his administrative remedies because he did not complete the grievance process with respect to his claim.

The defendant also provided Bebout with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 37. The notice informed Bebout of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. It further advised that a lack of response could result in the dismissal of his case. Nevertheless, Bebout did not file a response.

I must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

The grievance policy for the Indiana Department of Correction sets forth a three-step grievance process. First, an inmate must attempt to informally resolve a complaint by contacting an appropriate staff member. ECF 36-1 at ¶ 9. If the inmate is unable to

2

resolve informally the complaint, he may file a formal grievance with the grievance specialist. *Id.* at ¶ 10. If an inmate is dissatisfied with the grievance specialist's determination, he may file an appeal with the Department Offender Grievance Manager at the IDOC's Central Office. *Id.* at ¶ 17. So to exhaust a grievance, an offender must attempt an informal resolution, file a formal grievance, and pursue an appeal to the Department Offender Grievance Manager at IDOC's Central Office. *Id.* at ¶ 19.

According to the grievance records, Bebout filed only one formal grievance while he was housed at the Westville Correctional Facility. ECF 36-1 at ¶¶ 24-25; ECF 36-3. Bebout filed a formal grievance on March 6, 2015, regarding multiple medical problems, including bulging discs. ECF 36-1 at ¶ 24; ECF 36-3 at 3; ECF 36-4. In that grievance, Bebout indicated that he would not see Dr. Liaw because "all he does is deny him proper medical treatment." ECF 34-4 at 1. The grievance was denied after reaching a determination that Bebout had not been denied medical care. *Id.* The records do not reflect that Bebout appealed that denial. ECF 36-3; ECF 36-1 at ¶ 24.

Bebout submitted a copy of an informal grievance against Dr. Liaw dated December 13, 2015, with his amended complaint. ECF 26 at 9. In it, Bebout complains that Dr. Liaw indicated that he would order medication for him, but he did not actually order it. *Id.* That informal grievance was responded to on December 15, 2015. ECF 36-1 at ¶ 27. If he was not satisfied with the outcome, Bebout should have filed a formal grievance, but a review of his grievance history shows that he did not do so. *Id.;* ECF 36-3.

3

Bebout has also submitted a copy of an envelope addressed to "Michael Mitcheff, Ind. Regional Office, 3737 N. Meridian St., Suite 500, Indpls., IN 46208." ECF 26 at 10. Bebout noted on the envelope that it was never opened, and that it was returned to him on January 28, 2010. This date is consistent with the postmark date of January 16, 2010 – dates that fall far outside the scope of the claim for which Bebout was granted leave to proceed. Thus, the envelope has no relevance to the issue I must decide.

After reviewing the record, I conclude that the undisputed evidence demonstrates that Bebout did not exhaust his available administrative remedies with respect to his claim that Dr. Liaw denied him adequate medical treatment for his spinal scoliosis and degenerative disk disease between October of 2014 and January of 2019.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 35); and

(2) DIRECTS the clerk to enter judgment and to close this case.


SO ORDERED.

ENTERED: October 21, 2019.

                                            /s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT